Grace Building Co., Inc., W. B. Dodge, Jr., Florence Hughes, Gary Zuby and Breinig Building Co., Inc., Appellants v. Tax Claim Bureau of Lehigh County, Appellee.

Argued October 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alfred O. Breinig, Jr.,* for appellants.

*Randall W. Snyder,* for appellee.

OPINION BY JUDGE BLATT, January 16, 1976:

The appellants own certain property in the City of Allentown upon which "municipal claims" for curbing, paving, weed cutting, water lateral, and the abatement of nuisances are delinquent and unpaid. These unpaid claims were returned to the Tax Claim Bureau (Bureau) and docketed therein thus becoming claims which it is asserted may ultimately cause the property to be sold at a tax sale even though no delinquent "tax claims" had been returned to the Bureau. The appellants, after taking exceptions to the return of the claims, petitioned the Court of Common Pleas of Lehigh County requesting that said claims be stricken from the dockets of the Bureau for lack of authority to have them returned to the Bureau in the first place. At issue is the Real Estate Tax Sale Law[1] which authorizes the return of unpaid taxes to the Bureau, and the court below has held that the Tax Sale Law authorizes the return of municipal claims as well as tax claims. It has, therefore, denied the appellants' petition to have those municipal claims stricken from the Bureau Dockets.

Section 306(a) of the Tax Sale Law, 72 P.S. §5860.306 (a) which authorizes the return of property and delinquent taxes provides:

---

1. Act of July 7, 1947, P. L. 1368, *as amended,* 72 P. S. §5860.101 et seq.

"It shall be the duty of each receiver or collector of any county, city, borough, town, township, school district or institution district *taxes*, to make a return to the county bureau . . . a list of all properties against which *taxes* were levied, the whole or any part of which were due and payable in the calendar year immediately preceding which remain unpaid. . . ." (Emphasis added.)

There is no similar express authority authorizing the return of unpaid *municipal claims*.

The Bureau argued convincingly before the lower court that the intent of the Tax Sale Law was to provide for the treatment and processing of delinquent municipal claims in the same manner and by the same agencies which process delinquent tax claims. We disagree and therefore reverse.

Throughout the Tax Sale Law taxes and municipal claims are referred to as separate and distinct charges against property. For example, the public sale of property operates to divest "[t]he lien of all taxes and municipal claims" levied against the property and due thereon. Section 304 of the Tax Sale Law, 72 P.S. §5860.304. In addition, this same section provides that the Bureau and the various officers "having claims or judgments *and* municipal claims for collection" (Emphasis added.) against a property which is to be sold at public sale must notify the person selling the property of the amount of tax liens of the Commonwealth, and the amount of all taxes *and* municipal claims against the property so that these claims may be paid from the proceeds of the sale. Moreover, these distinctions between taxes and municipal claims are well supported under the general municipal law.[2] It is clear, of course, that municipal claims may be recovered

---

2. *See* The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, *as amended*, 53 P. S. §6901, et seq. and the Act of May 16, 1923, P. L. 207, *as amended*, 53 P. S. §7101 for the respective enabling legislation.

and paid under the Tax Sale Law as a result of a tax sale of the property. Unquestionably, however, Section 306 (a) provides only for the return of unpaid taxes and not of unpaid municipal claims. And certainly the General Assembly did not intend the term "taxes" to be interchangeable with the term "municipal claims," otherwise it would not have treated these charges as separate claims elsewhere throughout the statute.

We must hold that the Tax Sale Law authorizes only a return of delinquent and unpaid taxes to the Tax Claim Bureau and not a return of unpaid municipal claims. And, while a property may be sold at public sale for collection of delinquent taxes and all municipal claims shall then be divested and paid from the proceeds of the sale, the property may not be sold under the Tax Sale Law, for the collection of municipal claims alone, where no delinquent and unpaid taxes are outstanding.

The decision of the Court of Common Pleas of Lehigh County is therefore reversed and it is hereby ordered that the unpaid municipal claims entered upon the dockets of the Tax Claim Bureau be stricken.